# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

CRAIG FARAH, Personal Representative of the ESTATE OF NICHOLAS FARAH,

Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; RICHARD NEWMAN; SAMUEL MENDOZA; AARON MOSELY; JEREMY STEWART; CHRISTY SNAPP; GABRIEL VILLANUEVA; KIM SOFFE; COLLIN PETRIELIUS; and NAPHCARE, INC.,

Defendants.

Hon. Richard F. Boulware, presiding.

No. 2:20-cv-0604-RFB-VCF

**DISCOVERY PLAN FOR ELECTRONICALLY STORED INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26 and the Sedona Conference Cooperation Proclamation (2008), the Court hereby enters the following plan to govern the search and production of electronically stored information ("ESI") in this matter (the "Discovery Plan").

**A. SCOPE**

1. This Discovery Plan shall govern the production of documents and ESI, as described in Federal Rules of Civil Procedure 26, 33, and 34.

2. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter. *See, e.g., Kelly v. Smith's Food & Drug Ctrs., Inc.*, 2014 WL 6474026, at *3 (D. Nev. Nov. 19, 2014).

3. Nothing in this Discovery Plan shall supersede the provisions of any subsequent Stipulated Protective Order.

1

4. The Parties identify that emails, social media, text messages, and documents maintained on drives and servers that the custodians have access to are the categories of ESI most relevant to the Parties' claims or defenses in this matter. Although this categorical identification is not intended as an exhaustive list of potential materials and shall not be construed to waive a Party's right to request additional ESI, or any Party's right to object to production, the above represents the categories of ESI most likely to result in the production of information most relevant to the issues in the case to the best of the Parties' knowledge at this time.

5. The Parties identify the following third parties likely to have ESI relevant to this matter: Clark County, the Clark County District Attorney's Office, and the Office of the Ombudsman of Clark County.

6. The collection of email ESI by the Parties shall be done in a single collection. The collection of ESI housed on LVMPD and Naphcare servers, as well as social media and text messages, shall be done in a timely manner and on a rolling basis.

**B. SEARCHING**

7. The Parties agree that relevant ESI may be identified for production by the following means:

(a) The use of the Boolean search functions for ESI housed on LVMPD and Naphcare servers, as set forth in Exhibit B. Notwithstanding the use of search terms to identify responsive ESI housed on LVMPD and Naphcare servers, if a Party is aware of the existence of non-privileged responsive ESI, then that party shall produce such documents even if they do not include any of the search terms being applied generally to ESI housed on LVMPD and Naphcare servers.

(b) The use of the Boolean search functions for Custodian email ESI, as set forth in Exhibit B. Notwithstanding the use of search terms to identify

relevant and responsive email ESI, if a Party is aware of the existence of specific non-privileged responsive documents maintained in hard copy or as ESI, then that party shall produce such documents even if they do not include any of the search terms being applied generally to email ESI.

(c) The use of native application search functionality native to the e-mail, social media, and text message program for accounts used by the Parties (e.g., searching within Gmail or Outlook, iMessage, or Facebook), as set forth in Exhibit B.

(d) If a Party is aware of the existence of documents or data sources that contain responsive documents that are not reasonably searchable (e.g., images), the Parties agree to review such documents or data sources manually for responsiveness and production because applying search terms to these documents and data sources will be insufficient.

8. A list of ESI Data Repositories and Custodians is attached to this Discovery Plan, and incorporated by reference, as **Exhibit A**.

9. A list of search terms and time frames to be used during ESI searches is attached to this Discovery Plan, and incorporated by reference, as **Exhibit B**.

10. In the event the IDOC email ESI search using all search terms results in the identification of over 30,000 documents, Defendants' counsel will notify Plaintiff's counsel and will conduct a review of a subset of documents to determine the percentage of relevant documents found by the search terms. The Parties will meet and confer within 5 business days of the time the percentage of relevant documents is determined to discuss reasonable and proportionate discovery in light of the percentage results. If the Parties cannot come to an agreement within 10 business days, the Parties will notify the Court to schedule a hearing using the Court's procedures within 20 days of the impasse.

C. **PRODUCTION FORMAT**

11. <u>Document Format.</u> Electronically stored information derived from email and other electronically created files (*e.g.* Microsoft Office files, WordPerfect) will be produced:

 (a) as Bates-labeled in Portable Document Format (PDF); or

 (b) in native format (the file format associated with the original creating application, such as a Word document or Outlook document).

12. Each Party reserves the right to request native files for documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied. Such a request shall be made according to the following protocol:

 (a) The requesting Party shall make any such request as soon as reasonably practical after receiving a document production.

 (b) The requesting Party shall provide a list of Bates numbers of the documents that it is requesting to be produced in native file format.

 (c) Within fourteen (14) days of receiving this request, the producing Party will either (i) produce the requested native files to the extent reasonably practicable, or (ii) respond in writing, setting forth its position on the production of the requested documents.

 (d) If the parties are unable to agree as to the production of the request documents in native format, the Parties may submit the matter to the Court.

13. <u>Documents Without Standard Pagination.</u> Documents without standard pagination, such as spreadsheets or desktop databases (such as Microsoft Access) maintained electronically, will be produced in native format, unless redactions are required. Documents without standard pagination that require redactions will be produced in PDF format.

14. <u>Web Pages and Social Media Information.</u> Web pages, social media data and other information not otherwise covered in subparts 13(a) or 13(b) above shall be produced as "screen shots," "screen captures," "print screen," or printed as a Bates-labeled PDF.

15. In addition to the production as specified above, the Parties may also agree to the production of metadata from fields to be specified by the Parties and the provision of load files pursuant to the Parties' specification.

## D. THIRD-PARTY ESI

16. A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this Discovery Plan with the subpoena and state that the Parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein.

17. The Issuing Party is responsible for producing any documents obtained under a subpoena to all other Parties.

18. If the Issuing Party receives any hard-copy documents or native files, the Issuing Party will process the documents in accordance with the provisions of this Discovery Plan, and then produce the processed documents to all other Parties.

19. However, any documents the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the Issuing Party. If the Issuing Party subsequently processes any such documents, the Issuing Party will produce those processed documents to all other Parties.

20. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

## E. E-DISCOVERY LIAISONS

21. The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.

22. The E-Discovery Liaison for Plaintiff shall be Sarah Grady. The E-Discovery Liaison for Defendants LVMPD, Newman, Mendoza, Mosely, Stewart, Snapp, and Villanueva shall be Craig Anderson. The E-Discovery Liaison for Defendants Soffe, Petrielius, and Naphcare shall be Paul Cardinale. E-Discovery Liaisons may be substituted upon notification to counsel for the Parties.

23. Each E-Discovery Liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The Parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**F.     PRESERVATION OF ESI**

24. The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody, or control. With respect to preservation of ESI, the Parties agree as follows:

(a) Absent a showing of good cause by the requesting party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to backup and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

(b) All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or responsive is made.

25. Absent a showing good cause by the requesting party, the following categories of ESI need not be preserved:

    (a) Deleted, slack, fragmented, or other data only accessible by forensics.

    (b) Random-access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    (c) Online access data such as temporary internet files, history, cache, cookies, and the like.

    (d) Data in metadata fields that are frequently updated automatically, such as last-opened dates.

    (e) Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    (f) Server, system, or network logs.

    (g) Data remaining from systems no longer in use that are unintelligible on the systems in use.

**G. PRIVILEGE**

26. Parties shall produce responsive ESI (e.g., ESI that is responsive to a Party's discovery requests). Any responsive ESI that a producing party deems is protected from disclosure by privilege shall be logged into a privilege log which identifies: (a) the Custodian of the ESI; (b) the date of its creation; (c) a description of the type of ESI; (d) all recipients; (e) sufficient information to assess the invocation of the privilege; and (f) the privilege(s) which the producing party contends protects the ESI from disclosure.

27. Parties shall not be required to include in a privilege log communication between a Party and his or her attorney that do not include any other individuals or entities.

The Parties agree that additional terms and custodians may become necessary to search as discovery proceeds.

_____
Honorable Cam Ferenbach
United States Magistrate Judge

Dated this 21st day of May, 2021.

# **EXHIBIT A**

**I. ESI DATA REPOSITORIES – entities that house ESI**

 A. Las Vegas Metropolitan Police Department
 B. Naphcare, Inc.

**II. CUSTODIANS – individuals that created, sent, or received ESI**

 A. Richard Newman
 B. Samuel Mendoza
 C. Aaron Mosely
 D. Jeremy Steward
 E. Christy Snapp
 F. Gabriel Villanueva
 G. Kim Soffe
 H. Collin Petrelius
 I. Joseph Lombardo
 J. Kevin McMahill
 K. Christopher Jones
 L. Jason Leavitt
 M. Douglas Ericsson
 N. Fred Meyer
 O. Nita Schmidt
 P. Leah Martin

# EXHIBIT B[1]

I. **Responsive Custodian Email ESI created between March 1, 2014 and the present using one or more of the following search terms will be produced (subject to properly logged redactions for assertions of privilege):[2]**

   A. Farah
   B. "190300151763"
   C. "CIRT2019-016"
   D. "Restraint Chair"
   E. "SOP 09.11.03"
   F. "6/002!"
   G. "6/004!"
   H. "Code 5*"
   I. "Death Package!"
   J. Review! /s (Mortality OR Death)
   K. Asphyxia!
   L. Suffocat!
   M. Force AND (Review! OR Excessive OR Inappropriate)

II. **Responsive ESI housed on the ESI Data Repositories created between March 1, 2014 and the present using one or more of the following search terms will be produced (subject to properly logged redactions for assertions of privilege):**

   A. Farah
   B. "190300151763"
   C. "CIRT2019-016"
   D. "Restraint Chair"
   E. "SOP 09.11.03"
   F. "6/002!"
   G. "6/004!"
   H. "Code 5*"
   I. "Death Package!"
   J. Review! /s (Mortality OR Death)
   K. Asphyxia!
   L. Suffocat!
   M. Force AND (Review! OR Excessive OR Inappropriate)

---

[1] The search terms in Exhibit B are not case sensitive (i.e., a search for "Farah" should yield documents containing both "Farah" and "farah").

[2] The use of the Boolean terms and connectors used in this protocol are explained here: https://legal.thomsonreuters.com/content/dam/ewp-m/documents/legal/en/pdf/quick-reference-guides/tr906479-how-to-search-with-boolean-terms-and-connectors.pdf.

**III. Responsive ESI from the Personal Email Accounts, Text Messages, and Social Media Accounts of the Individual Defendants created between March 30, 2019 and the present using one or more of the following search terms will be produced (subject to properly logged redactions for assertions of privilege):**

  A. Farah
  B. "CIRT2019-016"
  C. "Restraint Chair"
  D. "Code 5*"
  E. "Death Package!"
  F. Review! /s (Mortality OR Death)
  G. Asphyxia!
  H. Suffocat!
  I. Force AND (Review! OR Excessive OR Inappropriate)