LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
LUKE ANDREW BUSBY, LTD.
316 California Ave # 82
Reno, Nevada 89509
O: 775.453.0112
luke@lukeandrewbusbyltd.com
*Designated Resident Nevada Counsel for Plaintiffs*

David B. Owens*
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900
david@loevy.com
*Admitted pro hac vice*
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CRAIG FARAH, Personal Representative of the ESTATE OF NICHOLAS FARAH; LISA WALTER, as Next Best Friend of E.T.; and JOLENE GEARY, as Next Best Friend of E.F., <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; RICHARD NEWMAN; SAMUEL MENDOZA; AARON MOSELY; JEREMY STEWART; CHRISTY SNAPP; GABRIEL VILLANUEVA; KIM SOFFE; COLLIN PETRIELIUS; and NAPHCARE, INC., <br><br> Defendants. | No. 2:20-cv-0604-CDS-VCF <br><br> **UNOPPOSED PETITION AND ORDER TO COMPROMISE CLAIMS OF MINORS** |

Now come Plaintiffs, Craig Farah, as Personal Representative of the Estate of Nicholas Farah, Lisa Walter, as Next Best Friend of E.T., and Jolene Geary, as Next Best Friend of E.F., by and through their undersigned counsel, and hereby respectfully request that the Court review and approve the compromise of the

claims of E.T. and E.F. pursuant to Federal Rule of Civil Procedure 17. In support of their request, Plaintiffs state:

**I.      Introduction**

The parties have reached a substantial settlement of this action, and have reached an agreement to ensure that supermajority of the settlement proceeds are provided to the children of decedent Nicholas Farah. This petition is unopposed, and Plaintiffs respectfully request the Court approve the compromise of these claims.

**II.      Background**

This matter comes before the Court as a result of the death of Nicholas Farah on March 31, 2019 at the Clark County Detention Center. *See generally* Dkt. 49 (Second Amended Complaint). The plaintiffs in the suit are Craig Farah, as personal representative for the Estate of Nicholas Farah, as well as Mr. Farah's minor children E.T. and E.F. (thorough their surviving mothers). This action includes claims alleging a violation of Mr. Farah's constitutional rights, as well as claims for alleged constitutional violations and violations of state law. Specifically, on behalf of the Estate, Craig Farah brought claims asserting a violation of Mr. Farah's constitutional rights under Nevada's Survival Act pursuant to NRS § 41.100. Nicholas Farah's children, E.T. and E.F., have each asserted wrongful death claims under state law pursuant to NRS § 41.085.

The Defendants include the Las Vegas Metropolitan Police Department, Richard Newman, Samuel Mendoza, Aaron Mosely, Jeremy Stewart, Christy Snapp, and Gabriel Villanueva (the LVMPD Defendants), and Kim Soffe, Collin Petrielius, and NaphCare, Inc (the NaphCare Defendants). The circumstances which gives rise to Plaintiffs' claims are set forth in detail in Plaintiffs' Second Amended Complaint. Dkt. 49. Defendants denied the allegations asserted. Dkt. 55, 57.

## III.   Discussion

### A. Legal Authority

"District courts have a special duty under Rule 17(c) '"to safeguard the interests of litigants who are minors."' *Doe by & Through Doe v. Clark Cnty.*, No. 217CV02380MMDPAL, 2019 WL 861402, at *3 (D. Nev. Feb. 15, 2019) (quoting *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-82 (9th Cir. 2011)). The Court's special duty requires the Court to "to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181.

"The court must independently investigate and evaluate any compromise or settlement of a minor's claim to assure itself that the minor's interests are protected, even if the settlement has been recommended and/or negotiated by the minor's parent or guardian ad litem." *Doe by & Through Doe*, 2019 WL 861402, at *3.

While federal courts sometimes consider state-law in approving settlements, the independent *federal* inquiry set forth by Rule 17 (and demanded by the Supremacy Clause), provides for a different role. As a matter of federal law, the "'district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery" to the minor is fair and reasonable, *without* regard to the amount plaintiffs agreed to pay plaintiffs' counsel." *Id.* (quoting *Robidoux*, 638 F.3d at 1182). As a result, "if the net recovery to the minor plaintiff under the proposed settlement [is] fair and reasonable, 'the district court should approve the settlement as presented, regardless of the amount the parties agreed to designate for adult co-plaintiffs and attorney's fees.'" *Id.*

### B. The Proposed Compromise

During a mediation, the parties reached an agreement in principle to resolve Plaintiffs' claims for a global payment of $2,375,000, with $2,350,000 paid by the LVMPD Defendants and the remainder paid by NaphCare. The agreements were

3

reduced to writing, and separate written settlement agreements have been executed with the LVMPD Defendants and NaphCare. Those agreements are attached as Exhibit 1 (filed under seal).

The $2,350,000 settlement with the LVMPD Defendants has been allocated in its entirety to the claims brought by E.T. and E.F.

The settlement with NaphCare has been allocated such that personal representative of the Estate of Nicholas Farah, Craig Farah, will receive a majority of the funds, and minors E.T. and E.F. will receive net proceeds that are less than the threshold amount specified in NRS 41.200(5)(b). The funds owing to the Estate will be subject to administration in the Wisconsin probate court, where any liens or other debts will be resolved. Accordingly, the funds from the NaphCare settlement will be distributed pursuant to the Wisconsin probate court overseeing the Estate of Nicholas Farah (and are not the subject of this petition).

The Plaintiffs propose that the funds from the $2,350,000 settlement with the LVMPD Defendants, which were allocated to the claims brought by E.T. and E.F., be distributed as follows:

(1)     Payment of a 33% contingency fee from the global settlement of $791,666.67 to Loevy & Loevy, in accordance with the attorney-client agreement between the Plaintiffs and the undersigned counsel.

(2)     Payment of $19,781.52 to Loevy & Loevy, to reimburse counsel for costs reasonably expounded to prosecute Plaintiffs' claims in this case, in accordance with the attorney-client agreement between the Plaintiffs and the undersigned counsel.

(3)     Remainder split between E.T. and E.F.

a.  Payment of $769, 275.91 into a trust account for the benefit of E.T., in a professionally managed fiduciary trust, where Personal Representative, Craig Farah, is a co-trustee.

b. Payment of $769, 275.90 into a trust account for the benefit of E.F., in a professionally managed fiduciary trust, where Personal Representative, Craig Farah, is a co-trustee.

The amounts in (2), (3)(a), and (3)(b) will be altered slightly as additional costs are incurred in finalizing the creation of the respective trusts and/or the probate process.

**C. Compromise is in the Best Interests of E.T. and E.F.**

Plaintiffs, including Lisa Trampe, Jolene Geary, and Craig Farah, believe that the terms of this settlement are in the best interests of E.T. and E.F. Lisa Trampe, Jolene Geary, and Craig Farah have been advised, understand, and acknowledge that acceptance of the compromise will bar E.T. and E.F. from seeking further relief from Defendants in the future.

In addition, the overall settlement terms are fair and reasonable. Settlement of a difficult excessive force, civil-rights lawsuit against public officials for more than $2MM is an excellent result, particularly given the facts of this case—where Mr. Farah died as a result of positional asphyxiation but the autopsy report created certain disputes about contributory causes of Mr. Farah's death. While Plaintiffs maintain that the passing of Nicholas Farah was due to the excessive force of the police, expert discovery in this case would have likely been expensive and run into the 25-45 thousands of dollars range—money that would have reduced the amounts going to the minors.

Though not the inquiry under federal law, the 33% figure represents the low-end of contingency-fee arrangements in personal injury and civil-rights cases.

WHEREFORE, Plaintiffs respectfully request that the Court grant the relief requested herein and issue an Order approving the resolution of this matter as described herein.

Dated:        September 21, 2022

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

CRAIG FARAH

By: /s/ David Owens
Counsel for Plaintiffs

LUKE A. BUSBY, ESQ
Nevada Bar No. 10319
LUKE ANDREW BUSBY, LTD.
316 California Ave # 82
Reno, Nevada 89509
O: 775.453.0112
luke@lukeandrewbusbyltd.com
*Designated Resident Nevada Counsel for Plaintiffs*

David B. Owens*
Loevy & Loevy
100 S. King St., St. 100
Seattle, WA 98104
O: 312.243.5900
david@loevy.com
*Admitted *pro hac vice*
*Counsel for Plaintiffs*

### <u>Certificate of Service</u>

     I, David B. Owens, an attorney, hereby certify that, on September 21, 2022, the foregoing was filed via the Court's electronic notification system, which effected service on all counsel of record.

                            <u>/s/ David B. Owens</u>